UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

LOUIS BONANNO, SR. )
)
v. )
) Case No. 2:12-cv-68
)
UNITED STATES DISTRICT JUDGE ) Mattice/Carter
RONNIE GREER )
)
)

REPORT AND RECOMMENDATION

Louis Bonanno, *pro se,* has filed an application to proceed *in forma pauperis* [Doc. 1]. Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The standard required by §1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is

1

and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70). Further, a pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's complaint is somewhat difficult to follow but it appears he is bringing this action "pursuant to the Bivens rule" and under 42 U.S.C. § 1983 alleging District Judge Greer violated his Fourteenth Amendment, Fifth Amendment, and Seventh Amendment rights when District Judge Greer dismissed a case Mr. Bonanno had filed against Thomas Construction Company alleging wrongful discharge. *See Bonanno v. Thomas Construction Co.*, Case No. 2:11-cv-122 (E.D. Tenn. July 5, 2011). District Judge Greer dismissed Case No. 2:11-cv-122 on the ground that the doctrine of *res judicata* applied since the claim against Thomas Construction was the same claim Mr. Bonanno had brought against Thomas Construction Company in an earlier action: Case No. 2:08-cv-202. In Case No. 2:08-cv-202, the Court granted summary judgment in favor of Thomas Construction Company. See *Bonanno v. Thomas Construction Company,* 2:08-cv-202 (July 24, 2009 E. D. Tenn.) (Magistrate Judge Inman). Mr. Bonanno unsuccessfully appealed the summary judgment to the Sixth Circuit Court of Appeals. He asked for a rehearing which the Sixth Circuit denied, and he then filed a writ of certiorari which the Supreme Court denied.

In the instant action, Mr. Bonanno asserts United States District Judge Greer violated his due process rights and his right to a jury trial when he dismissed his action in Case No. 2:11-cv-122. Mr. Bonanno asks the Court "to Order a new Trial by Jury." (Doc. 2, Complaint at p. 3).

Plaintiff cannot maintain a claim against District Judge Greer under 42 U.S.C. § 1983 because Judge Greer is not a state actor. In order to bring a claim under 42 U.S.C. § 1983, the defendant must be a state actor. *Paige v. Cyner*, 614 F.3d 273, 278 (6th Cir. 2010) ("There is … an additional requirement common to all § 1983 claims: 'a plaintiff must allege that [s]he was deprived of a right secured by the Federal Constitution or laws of the United States *by a person acting under color of state law*'" (brackets and emphasis original) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992)); *see also Romanski v. Detroit Entm't, L.L.C.,* 428 F.3d 629, 636 (6th Cir.2005) ("Section 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law."). Therefore, any claim brought under Section 1983 against District Judge Greer by the plaintiff should be dismissed for failure to state a claim.

As for the remaining claims brought as a "Bivens action," District Judge Greer is entitled to judicial immunity. Under the doctrine of judicial immunity, District Judge Greer has absolute immunity from suit both from money damages and injunctive relief for his judicial acts. *Bradley v. Fisher*, 80 U.S. 335 (1871) (judicial officials are exempt from civil action for judicial acts*); see also Butz v. Economou*, 438 U.S. 478 (1978); *Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003). Judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireless v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980). Judicial immunity is an immunity from suit, not just immunity from the assessment of money damages. *Mireles*, 502 U.S. at 11. Even a plaintiff's allegations of bad faith, malice, or corruption against a judge cannot overcome absolute judicial

3

immunity from suit. Judicial immunity from suit applies even when a judge is accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity from suit can be overcome in two situations, neither of which are applicable to Plaintiff's complaint. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman,* 435 U.S. 349 (1978). Neither of these exceptions to judicial immunity are applicable because the alleged acts of District Judge Greer in Case No. 2:11-cv-122 were taken in the course of his judicial capacity and were not committed in the complete absence of all jurisdiction.

Accordingly, for the reasons stated herein, it is RECOMMENDED[1] that this action be DISMISSED with prejudice pursuant to 28 U.S.C. §1915(e)(2) and that plaintiff's application to proceed *in forma pauperis* be DENIED as moot.

S /*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).